UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-168-HRW

VIOLET JORDAN,                                                  PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits on March 5, 2004, alleging disability beginning on September 8, 2003, due to a back injury (Tr. 63, 87, 108). This application was denied initially and on reconsideration.

On September 21, 2005, an administrative hearing was conducted by Administrative Law Judge William H. Gitlow (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 212-232). A supplemental hearing was convened on March 26, 2006. Plaintiff testified at the supplemental hearing (Tr. 239-247, 253-255) as did Dwight McMillion, a vocational expert (hereinafter "VE") (Tr. 238-239, 247-253).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 26, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-19).

Plaintiff was 61 years old at the time of the hearing decision (Tr. 57). She has a 10th grade education (Tr. 57). Her past relevant work experience consists of work as a sewing machine operator (Tr. 215-216).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffered from back and neck ailments, which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18). In doing so, the ALJ specifically considered listings 1.00, 1.02 A/B (Tr. 18).

The ALJ further found that Plaintiff's medically determinable back and neck symptoms do not prevent here from performing her past relevant work as it is performed in the national economy (Tr. 18). Therefore, at Step 4, the ALJ

3

concluded that Plaintiff is not disabled within the meaning of the Social Security Act and Regulations.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 8, 2006 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In seeking a reversal of the ALJ's decision, Plaintiff argues that the ALJ improperly rejected her claims of debilitating hand impairment. Specifically, Plaintff claims that said impairment prevents her from grasping and gripping, tasks intrinsic to her past relevant work. However Plaintiff offers scant objective proof of such limitation. The record, however, supports the ALJ's conclusion in this regard. Notably, her treating physician, Dr. Nuzhat Naqvi, in a note dated October 5, 2005, found Plaintiff's grip strength to be good with no muscle wasting (Tr. 201). This is consistent with his earlier notes of good grip strength, despite Plaintiff's complaints of arm and elbow pain (Tr. 142).

Plaintiff appears to argue that the ALJ erred in failing to adopt the opinion of Dr. Melanie Ledford, who examined Plaintiff on one occasion in May 2004 (Tr. 165-167). Dr. Ledford opined that, in essence, Plaintiff is limited to performing less than sedentary work (Tr. 167).

Plaintiff's argument is without merit. The record does not support Dr.

5

Ledford's restrictive opinion. Nor has any other medical source suggested such restriction. Plaintiff's treating physician has not suggested Plaintiff is limited to less than sedentary work. Similarly, Plaintiff's treating orthopedic surgeon noted that Plaintiff's symptoms were within normal limits (Tr. 114). Further, the record shows that upon completion of physical therapy in June 2004, Plaintiff reported minimal pain and demonstrated her ability to walk on a treadmill, ride a bike, perform squats, heel raises and toe raises (Tr. 126). Finally, Plaintiff's pain appears to be controlled by medication (Tr. 144, 175). Indeed, in October 2005 Plaintiff reported that medication, such as Darvocet, helped "a lot" in controlling her symptoms (Tr. 201).

Moreover, this Court is mindful of the ALJ's evaluation of Plaintiff's credibility with regard to her allegations of disabling impairment. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

6

In this case, the ALJ found Plaintiff's's credibility to be "only fair" (Tr. 15). Specifically, the ALJ stated that during her testimony, Plaintiff "was quick to maximize her limitations and minimize her abilities" (Tr. 15). He found that her testimony that "everything hurts" and she "can do very little" was not supported by the record. Having reviewed the record, the Court agrees. As discussed above, there is nothing in the record which would support Plaintiff's claim of disabling pain.

Having reviewed the record, the Court finds that the ALJ's determination of no disability at Step 4 is supported by substantial evidence.

Plaintiff also contends that the Medical Vocational Guidelines mandate a filing of disability in her case. This argument fails as a matter of law. The Medical Vocational Guidelines, commonly referred to as the "Grid," are to be applied "where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) **prevents the performance of his or her vocationally relevant past work.**" 20 C.F.R. pt. 404, subpt. B, App. 2, § 200.00(a)(emphasis added). *See also, Smith v. Secretary of Health and Human Services,* 893 F.2d 106 (6th Cir. 1989). In this case the ALJ concluded that Plaintiff could perform her past relevant work. The Court, having reviewed the record, finds this conclusion is

supported by substantial evidence. The Grid is therefore inapplicable to this case.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of June, 2007.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

HENRY R. WILHOIT, JR., SENIOR JUDGE
UNITED STATES DISTRICT COURT